**Derek C. Johnson, OSB #88234**
djohnson@jclslaw.com
**Michele C. Smith, OSB #02095**
msmith@jclslaw.com
JOHNSON, CLIFTON, LARSON & SCHALLER, P.C.
975 Oak Street, Suite 1050
Eugene, OR 97401-3176
Telephone: (541) 484-2434
Facsimile: (541) 484-0882

**Attorneys for Plaintiff**

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

GREG KUHNLE,

Plaintiff,

v.

DAVOL, INC., a foreign corporation; and
C.R. BARD, INC., a foreign corporation,

Defendants,

COMPLAINT
Personal Injury Action (28 USC § 1332)
Strict Liability; Negligence
DEMAND FOR JURY TRIAL

Plaintiff, alleges:

**PARTIES, JURISDICTION AND VENUE**

1.

Jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. § 1332. Plaintiff Greg Kuhnle is a citizen of the State of Oregon. At all times material herein, each Defendant

was a foreign corporation with its principal place of business outside of the State of Oregon, and doing business in the State of Oregon. The amount in controversy, exclusive of interest and costs against Defendants exceeds $75,000. Venue lies in the District of Oregon pursuant to 28 USC § 1391(a).

2.

At the times material herein, Defendants were in the business of designing, manufacturing, marketing, and distributing medical products including the Bard Composix Kugel Hernia Patch throughout the United States, including the State of Oregon. Defendants' activities were and are continuous and substantial contacts within the State of Oregon.

**FIRST CLAIM FOR RELIEF**
**(Strict Liability)**

3.

Plaintiff Greg Kuhnle realleges paragraphs 1 and 2 above.

4.

On May 3, 2002, Plaintiff Greg Kuhnle underwent a hernia repair procedure involving the placement of a Bard Composix Kugel Hernia Patch (Kugel patch), product number 0010202 and lot number 43DMD200.

5.

The Kugel patch provided to and placed inside of Plaintiff Greg Kuhnle was designed, manufactured, marketed, and/or distributed into the chain of commerce by defendants Davol, Inc. and/or C.R. Bard, Inc.

/////

6.

At the time the Bard Composix Kugel Hernia Patch was placed inside Greg Kuhnle, it was in substantially the same condition as when provided and sold by Defendants.

7.

On or about August 5, 2007, Plaintiff Greg Kuhnle developed severe pain in his abdomen and difficulty passing stool. Surgical intervention revealed that the Kugel patch had adhered to and entrapped Greg Kuhnle's small bowels. Following this discovery, Greg Kuhnle's bowels were surgically freed from the Kugel patch and the memory ring of the Kugel patch was surgically removed.

8.

The Bard Composix Kugel Hernia Patch provided to and placed inside of Plaintiff Greg Kuhnle was defective and unreasonably dangerous in one or more of the following:

(a) It was designed and manufactured so that the patch could adhere to bowels;

(b) It was designed and manufactured so that it did not adequately conform to movements of and within the abdominal cavity;

(c) It was designed and manufactured so that it did not adequately incorporate with the abdominal wall;

(d) It was designed and manufactured so that the memory ring of the Kugel patch was susceptible to buckling and subsequent entrapment of small bowels; and

(e) It failed to include and/or to utilize economically and technically feasible safety design alternatives.

/////

9.

The defective and unreasonably dangerous condition of the Kugel patch in one or more of the foregoing ways was a substantial factor in causing Plaintiff Greg Kuhnle to suffer serious injuries, including bowel adhesions, bowel entrapment, and operative intervention.

**SECOND CLAIM FOR RELIEF**
**(Negligence)**

10.

Plaintiff restates and realleges the allegations set forth above in paragraphs 1through 7.

11.

Defendants Davol, Inc. and C.R. Bard, Inc. were negligent in one or more of the following ways:

(a) In designing and manufacturing the Kugel patch so that it could adhere to bowels;

(b) In designing and manufacturing the Kugel patch so that it did not adequately conformed to movements of and within the abdominal cavity;

(c) In designing and manufacturing the Kugel patch so that it did not adequately incorporated with the abdominal wall;

(d) In designing and manufacturing the Kugel patch so that the memory ring of the patch was susceptible to buckling and subsequent entrapment of small bowels;

(e) In failing to adequately research, design, manufacture, and market the Kugel patch that was placed in Plaintiff Greg Kuhnle;

(f) In failing to adequately test or research the large and extra-large sized Kugel patches before use in humans such as Plaintiff Greg Kuhnle;

/ / / / /

(g) In failing to properly monitor and notify and/or report critical failures of the Kugel patch in a timely fashion;

(h) In failing to warn medical providers of the unreasonably dangerous nature of the Kugel patch in a timely fashion;

(i) In failing to withdraw the Kugel patch from the market and chain of commerce in a timely fashion; and

(j) In failing to notify or warn medical providers or patients of the need to monitor potential life threatening failures of the Kugel patches when it was otherwise known of the unreasonable risk of harm such products posed to patients.

12.

Defendants knew, or in the exercise of reasonable care should have known, that any of the foregoing acts or omissions would create a foreseeable risk fo harm to users of the Kugel patch, including Plaintiff Greg Kuhnle.

13.

The negligence of defendants Davol, Inc. and C.R. Bard, Inc. as alleged above was a substantial factor in causing Greg Kuhnle's injuries, including bowel adhesions, bowel entrapment, and surgical intervention.

**DAMAGES**

14.

Plaintiff restates and realleges the allegations set forth above in paragraphs 1 through 13.

////

////

15.

As a result of the defective, unreasonably dangerous condition of the Kugel patch, and as a result of Defendants' negligence described above, Plaintiff Greg Kuhnle sustained life-threatening bowel adhesions and bowel obstructions requiring medical investigation, surgical intervention. The injuries have and will continue to cause Plaintiff Greg Kuhnle to incur medical expenses and lost wages, all to his economic damage. The injuries have and will continue to cause Plaintiff Greg Kuhnle to sustain pain, suffering, scarring, disfigurement, interference with normal activities, and loss of enjoyment of life pursuits and activities, all to his non-economic damage.

16.

Defendants, in one or more of the acts or omissions alleged hereinabove, have acted with malice or with reckless and outrageous indifference to a highly unreasonable risk of harm and have acted with conscious indifference to the health, safety and welfare of others, including Greg Kuhnle. Punitive damages should be awarded against Defendants in an amount to be determined by a jury at trial in accordance with the law.

WHEREFORE, Plaintiff Greg Kuhnle prays for judgment in his favor against Defendants, and each of them, as follows:

(1) Economic damages including past and future medical expenses and past and future lost wages in an amount to be determined by the jury upon trial;

(2) Non-economic damages in an amount to be determined by the jury upon trial;

(3) Punitive or exemplary damages in an amount to be determined by the jury upon trial; and

(4) Costs and disbursements incurred herein; and

(5) For such other and further relief as the Court may deem just and reasonable.

DATED this 8th of February, 2008.

JOHNSON, CLIFTON, LARSON & SCHALLER

/s/ Derek C. Johnson

Derek C. Johnson, OSB #88234
djohnson@jclslaw.com
Michele C. Smith, OSB #02095
msmith@jclslaw.com
(541) 484-2434
Attorneys for Plaintiff